# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | I.D. No. 2005000034 |
| | ) | |
| JOHN HERBERT | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: October 13, 2022
Decided: November 21, 2022

## ORDER

*Upon Consideration of Defendant's Motion for Judgment of Acquittal*

## DENIED

Nicholas R. Wynn, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, Wilmington, Delaware. *Attorney for the State of Delaware.*

James E. Liguori, Esquire, LIGUORI & MORRIS, Dover, Delaware. *Attorney for Defendant John Herbert.*

**BUTLER, R.J.**

On this 21st day of November 2022, in consideration of Defendant John Herbert's motion for judgment of acquittal, it appears to the Court that:

1. The Defendant was estranged from his wife ("Mother") and had taken up residence in an apartment a short distance from the family abode. When his then 4-year-old daughter ("Daughter") came home from a visit with the Defendant, she told Mother that she had touched the Defendant's penis. Using her cell phone camera, Mother videoed Daughter explaining the touching and this video was buttressed by a later video recording at the Children's Advocacy Center ("CAC"). Both videos were played to the jury.

2. The Defendant was charged with Unlawful Sexual Contact First Degree ("USC 1")[1] and Sexual Abuse of a Child by a Person in a Position of Trust, Authority, or Supervision Second Degree ("Child Sexual Abuse II").[2] Daughter testified at trial but did not recount the incident from the witness stand. The CAC interview became the centerpiece of the evidence against the Defendant.

3. The Defendant testified, admitting that Daughter touched his penis, but denying that such touching was "sexual in nature." Rather, Defendant testified that the child was simply curious and that he and Mother had previously agreed that

---

[1] *See* 11 *Del. C.* § 769(a)(3) (2010) ("A person is guilty of [USC 1] when: [t]he person intentionally has sexual contact with another person who is less than 13 years of age . . . ." (formatting omitted)).
[2] *See id.* § 778A(1) (2022) ("A person is guilty of [Child Sexual Abuse II] when the person [i]ntentionally has sexual contact with a child . . . ." (formatting omitted)).

Daughter's curiosity should not be discouraged as it may have deleterious effects on her views of sex in the future. Mother disputed that any such previous discussion had happened. The Defendant also introduced character witnesses who had known him for many years and were quite certain that he could not be guilty of the offenses alleged.

4. The jury concluded otherwise and convicted the Defendant as charged.[3]

5. Motions for judgment of acquittal are governed by Rule 29.[4] Rule 29 says that the motion should be granted "if the evidence is insufficient to sustain a conviction" of such offenses.[5] In this case, the jury found the evidence sufficient to sustain a conviction. While Defendant urges that the Court has the power to reverse the jury's conclusion, the best he can offer is that "the evidence does not show the permitted touchings were sexual in nature."[6] This, however, was the central issue of the trial and the jury found otherwise. He thus asks the Court to substitute its view of the evidence for the jury's.

---

[3] *See generally id.* § 769(a)(3); *id.* § 4205A(d)(1) (2012) ("Notwithstanding any provision of this chapter or any other laws to the contrary, the Superior Court, upon the State's application, shall sentence a defendant convicted of [USC 1] to not less than 5 years to be served at Level V if the victim of the crime is a child less than 7 years of age." (formatting omitted)); *id.* § 778A(1).
[4] Del. Super. Ct. Crim. R. 29.
[5] *Id.*
[6] Def.'s Mot. for J. of Acquittal, D.I. 62 ¶ 3.

6. The Defendant testified that the touching was not intended to be sexual in nature. He produced character witnesses who cast doubt on whether he would have done such a thing. Indeed, the Defendant's subjective intent was the subject of substantial briefing *in limine* and a Court ruling that it is the State's burden to prove the touching was intended by the Defendant to be sexual in nature.[7] Defendant makes no argument that there was some defect in the jury instructions; the instructions were vetted by counsel beforehand and consistent with the Court's *in limine* ruling.

7. The evidence was contradictory, but one version would have the Defendant guilty as charged. That is the version the jury accepted. The jury is the "judge" of the facts, not the Court.[8] The jury found that the Defendant's behavior was "sexual in nature" and the Defendant was guilty as charged. Recognizing that this was the key issue upon which the case was tried and the key issue the jury had to determine, it would be inappropriate for the Court to now overturn the jury's findings; the Court will not do so.

8. For the foregoing reasons, Defendant's motion for judgment of acquittal is **DENIED.**

---

[7] *See State v. Herbert,* 2022 WL 811185 (Del. Super. Ct. Mar. 17, 2022).
[8] *Bradley v. State*, 193 A.3d 734 (Del. 2018) ("[T]he jury is the sole trier of fact responsible for determining witness credibility, resolving conflicts in testimony and for drawing any inferences from the proven facts." (internal quotation marks omitted)).

**IT IS SO ORDERED.**

Charles E. Butler, Resident Judge